# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

**v.**

**SUPERSEDING INDICTMENT**
**3:21cr52/MCR**

**STEPHEN M. ALFORD**

_____/

**THE GRAND JURY CHARGES:**

## COUNTS ONE THROUGH THREE

### A. THE CHARGE

Between on or about March 16, 2021, and on or about April 7, 2021, in the Northern District of Florida and elsewhere, the defendant,

**STEPHEN M. ALFORD,**

did knowingly and willfully devise, and intend to devise, a scheme to defraud and for obtaining money and property by means of material false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme, did cause a wire communication to be transmitted in interstate commerce.

Returned in open court pursuant to Rule 6(f)

Date: Sept 21, 2021

United States Magistrate Judge

RCV'D USDC FLND PN
SEP 21 '21 5:00pm

## B. SCHEME TO DEFRAUD

It was part of the scheme to defraud that:

1. **STEPHEN M. ALFORD** provided Person A with the cellular telephone number of D.G. in order for Person A to contact D.G. to discuss the purported release of R.L. from captivity in Iran and a purported "current federal investigation" into Family Member A of D.G. Person A sent a text message to D.G. requesting such a meeting. In the text message, it was conveyed to D.G. that Person A's "partner will see to it that [Family Member A] receives a Presidential Pardon, thus alleviating all his legal issues."

2. **STEPHEN M. ALFORD** crafted a letter entitled "Project Homecoming" for Person A to discuss with D.G. upon their meeting. The "Project Homecoming" letter conveyed purported facts related to an "investigation by the FBI for various public corruption and public integrity issues" related to Family Member A, a "Presidential Pardon" for Family Member A, and the need for $25,000,000 "to immediately fund the release" of R.L. that should be deposited into a trust account of Law Firm A.

3. **STEPHEN M. ALFORD** falsely represented in the "Project Homecoming" letter that his "team has been assured by the President" that he will "strongly consider" a "Presidential Pardon" or "instruct the Department of Justice

2

to terminate any and all investigations involving [Family Member A]" should the team be able to secure the purported release of R.L. from captivity.

4. **STEPHEN M. ALFORD** provided the "Project Homecoming" letter to Person A to show to D.G. upon their meeting. After Person A met with D.G. to discuss "Project Homecoming," **ALFORD** personally met D.G. in order to discuss the purported release of R.L., the purported legal troubles of Family Member A, and how the $25,000,000 could be transferred into a trust account of Law Firm A in order to assist **ALFORD** in his scheme.

5. At the behest of **STEPHEN M. ALFORD**, D.G. thereafter met with Attorney A at Law Firm A in order to discuss the purported release of R.L. from captivity in Iran. After this meeting, **ALFORD** sent D.G. a text message suggesting that **ALFORD** could "secure" the purported release of R.L. "for a significantly lower amount than the $25M" they had previously discussed. **ALFORD** requested to meet with D.G. once again.

6. **STEPHEN M. ALFORD** met with D.G. and informed D.G. that **ALFORD** had "negotiated it down to $15.5 million" - "$1 million in cash" and "$4.5 million" to be deposited into the account of Attorney A. After "5.5 up front," **ALFORD** requested "10 on the back" from D.G. for the total of $15.5 million to carry out the scheme. **ALFORD** falsely represented that he "will get that pardon" for Family Member A, and falsely promised D.G. that **ALFORD**

3

would take D.G. "by the hand to see the President of the United States."

**ALFORD** also falsely promised D.G. that "I will assure you that [Family Member A] will get off his problems" and that **ALFORD** could "guarantee" Family Member A would not go to prison if D.G. helped **ALFORD**.

7. Following the meeting between **STEPHEN M. ALFORD** and D.G., **ALFORD** sent D.G. a text message requesting D.G. "wire the entire $5.5M" to Law Firm A in order to further the scheme to defraud D.G. of money.

### C. WIRE COMMUNICATIONS

On or about the following dates, for the purpose of executing the scheme to defraud, the defendant,

### STEPHEN M. ALFORD,

knowingly did cause wire communications to be transmitted in interstate commerce as set forth below:

| COUNT | DATE | COMMUNICATION |
|---|---|---|
| ONE | March 16, 2021, at approximately 10:50 AM | Text message from Person A to D.G. |
| TWO | March 27, 2021, at approximately 10:16 AM | Text message from **ALFORD** to D.G. |
| THREE | March 29, 2021, at approximately 7:33 PM | Text message from **ALFORD** to D.G. |

4

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT FOUR

On or about April 2, 2021, in the Northern District of Florida, the defendant,

**STEPHEN M. ALFORD,**

before and during a search for and seizure of property, to wit, an Apple iPhone 12 Pro Max and its contents, by a person authorized to make such search and seizure, knowingly did destroy, damage, waste, dispose of, transfer, and take any action, and attempted to do so, for the purpose of preventing and impairing the Government's lawful authority to take such property into its custody and control.

In violation of Title 18, United States Code, Section 2232(a).

## CRIMINAL FORFEITURE

The allegations contained in Counts One through Three of this Superseding Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture. From his engagement in the violation alleged in Counts One through Three of this Superseding Indictment, the defendant,

**STEPHEN M. ALFORD,**

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any and all of the defendant's right, title, and interest in any property, real and personal, constituting, and derived from, proceeds traceable to such an offense.

If any of the property described above as being subject to forfeiture, as a result of acts or omissions of the defendant:

    i. cannot be located upon the exercise of due diligence;

    ii. has been transferred, sold to, or deposited with a third party;

    iii. has been placed beyond the jurisdiction of this Court;

    iv. has been substantially diminished in value; or

    v. has been commingled with other property that cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

JASON R. COODY
Acting United States Attorney

DAVID L. GOLDBERG
Assistant United States Attorney

LAZARO P. FIELDS
Assistant United States Attorney

A TRUE BILL:

FOREPERSON

21 SEP 2021
DATE