[DO NOT PUBLISH]

# In the
# United States Court of Appeals
# For the Eleventh Circuit

_____

No. 22-13054

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

                                                                              Plaintiff-Appellee,

*versus*

STEPHEN M. ALFORD,

                                                                              Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:21-cr-00052-MCR-1

_____

Case 3:21-cr-00052-MCR   Document 74   Filed 05/22/23   Page 2 of 15
USCA11 Case: 22-13054   Document: 28-1   Date Filed: 05/22/2023   Page: 2 of 13

2                    Opinion of the Court                    22-13054

Before ROSENBAUM, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Stephen Alford appeals his sentence of 63 months' imprisonment, imposed after he pleaded guilty to one count of conspiracy to commit wire fraud. He argues that the district court erred by imposing a 20-level offense enhancement based upon the *intended* pecuniary loss amount of his offense because his victim did not incur any *actual* pecuniary loss. After careful review, we conclude that the district court's error, if any, was harmless; thus, we affirm Alford's sentence.

## I.  Background

A federal grand jury returned a four-count superseding indictment charging Alford with three counts of conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1343 and 2 (Counts 1 through 3), and one count of attempted prevention of seizure, in violation of 18 U.S.C. § 2232(a) (Count 4). Alford pleaded guilty to Count 3 in exchange for the government's promise to dismiss the remaining charges. The presentence investigation report ("PSI") detailed the offense conduct as follows.

In March 2021, Alford's associate, Robert "Bob" Kent, text messaged a former government official, "D.G.," and offered to assist him in stopping a federal criminal investigation into the activities of a member his family, who was also a government official. Kent informed D.G. that, in exchange for the assistance of D.G. and his family member in obtaining the release of Robert

22-13054               Opinion of the Court                3

Levinson[1] from Iran, Kent could assist in obtaining a pardon from President Donald Trump for D.G.'s family member. Kent met with D.G. in person and informed him that D.G. would need to arrange for $25 million to be deposited into a trust account to facilitate Levinson's release. Kent reiterated to D.G. that his partner, later identified as Alford, could make the investigation into D.G.'s family member "go away."

D.G. later met with Alford, who informed D.G. that he was working with an attorney to raise funds for Levinson's release. Alford gave D.G. his business card during this meeting, which D.G. later turned over to the Federal Bureau of Investigation ("FBI"). At a subsequent meeting consensually recorded by the FBI, Alford informed D.G. that he would need $15.5 million to execute the plan to release Levinson (rather than $25 million, as Kent informed D.G.) and that, once Levinson was released, Alford could arrange for the investigation into D.G.'s family member to be dropped, obtain a pardon, and keep D.G's family member out of prison. Alford memorialized that offer in a text message to D.G. after the meeting.

Alford met with the FBI several days later, at which time he confessed that he "made materially false promises in order to

---

[1] Robert Levinson is a retired FBI agent who traveled to Iran on a business trip and was reported missing in 2007. He is still missing. *See* FBI Washington, *FBI Washington Field Office Statement on the 16th Anniversary of the Abduction of Robert A. Levinson*, https://www.fbi.gov/contact-us/field-offices/washingtondc/news/fbi-washington-field-office-statement-on-the-16th-anniversary-of-the-abduction-of-robert-a-levinson (Mar. 9, 2023).

Case 3:21-cr-00052-MCR   Document 74   Filed 05/22/23   Page 4 of 15
USCA11 Case: 22-13054   Document: 28-1   Date Filed: 05/22/2023   Page: 4 of 13

4                     Opinion of the Court                  22-13054

defraud [D.G.] out of money." Alford, once learning about a search warrant obtained by the FBI for his phone, made false statements to federal officials, evaded agents in a low-speed car chase, and concealed the location of his phone. He eventually pleaded guilty to one count of conspiracy to commit wire fraud.

The PSI calculated Alford's base offense level under § 2B1.1(a)(1) of the United States Sentencing Guidelines ("U.S.S.G.") as seven and applied a twenty-level enhancement because the offense involved an intended loss of $25 million, pursuant to U.S.S.G. § 2B1.1(b)(1)(K).[2] The PSI also applied (1) a three-level adjustment, pursuant to U.S.S.G. § 3A1.2(a), because the victim, D.G., was a former government officer and the offense was motivated by the victim's status; (2) a two-level adjustment, pursuant to U.S.S.G. § 3C1.1, for obstruction of justice relating to Alford's false statements to the FBI, concealment of his phone, and evasion of arrest; and (3) a total three-level decrease under U.S.S.G. § 3E1.1(a) and (b) for his timely acceptance of responsibility. After

---

[2] Under § 2B1.1(b)(1), various enhancements are applied to the base offense level "[i]f the loss [attributed to the defendant's offense] exceeded $6,500[.]" Where the loss is "[m]ore than $9,500,000" but less than or equal to $25,000,000, the offense level is increased by 20. U.S.S.G. § 2B1.1(b)(1)(K)–(L). The guidelines themselves do not define "loss," but the guidelines' commentary for § 2B1.1(b)(1) provides that "loss is the greater of actual loss or intended loss," defining "actual loss" as "the reasonably foreseeable pecuniary harm that resulted from the offense," and "intended loss" as "the pecuniary harm that the defendant purposely sought to inflict . . . includ[ing] intended pecuniary harm that would have been impossible or unlikely to occur[.]" *Id.* § 2B1.1(b)(1), cmt. n.3.

Case 3:21-cr-00052-MCR   Document 74   Filed 05/22/23   Page 5 of 15
USCA11 Case: 22-13054   Document: 28-1   Date Filed: 05/22/2023   Page: 5 of 13

22-13054               Opinion of the Court                5

the adjustments, the PSI calculated Alford's total offense level as 29.

The PSI calculated Alford's criminal history score as nine, with two additional points added pursuant to U.S.S.G. § 4A1.1(d) because he committed the instant offense while under supervision for various state fraud convictions from 2017, resulting in a total criminal history score of 11 (in category V). Alford's statutory maximum term of imprisonment under Count 3 was 20 years, pursuant to 18 U.S.C. §§ 1343 and 2, and his guideline imprisonment range was 140 to 175 months' imprisonment.

Alford filed several objections to the PSI, including that the loss amount attributed to him in the PSI was erroneous because he did not intend to cause any pecuniary harm and "loss" as used in U.S.S.G. § 2B1.1(b)(1) did not support the commentary's definition of "intended loss." The district court held an initial sentencing hearing during which it stated that it would consider Alford's objection as to the commentary's "intended loss" definition and issue a separate written decision on the objection. The district court's written decision ultimately sustained Alford's objection, finding that the commentary's definition of "intended loss" was not entitled to any deference and concluding that "intended loss" fell outside the scope of "loss" in the text of U.S.S.G. § 2B1.1(b)(1). The government filed a motion for reconsideration.

The district court held a second sentencing hearing, at which it stated that it would vacate its previous order sustaining Alford's objection:

Case 3:21-cr-00052-MCR   Document 74   Filed 05/22/23   Page 6 of 15
USCA11 Case: 22-13054   Document: 28-1   Date Filed: 05/22/2023   Page: 6 of 13

6                    Opinion of the Court                22-13054

> I'm not going to grant the [government's] motion to reconsider, but I'm going to vacate the order [sustaining Alford's objection], and here is why. [I spent] a lot of time . . . reviewing . . . the evidentiary record for this sentencing. And the sentence that I'm going to impose today is going to be the same sentence regardless of the guideline objection or whichever guideline I use. . . . I'm going to apply the guideline with the 20-level increase, and then I'm going to vary. And again, likely I'm going to impose the same sentence I would if the guideline objection had been sustained.

After hearing argument on Alford's other objections and D.G.'s victim impact statement, the district court noted that, having overruled his "intended loss objection," Alford's guidelines range was 140 to 175 months' imprisonment, whereas his guidelines range would have been 21 to 27 months' imprisonment if his objection had been sustained. While the district court emphasized Alford's extensive criminal history and the "reprehensib[ility]" of Alford's fraudulent statements to D.G., it also noted several mitigating factors, including that Alford was the only individual charged, that the victim did not lose any money, and that Alford seemed to believe in the operation to save Levinson. The district court then imposed a 63-month term of imprisonment, followed by period of 3 years' supervised release, stating that it based its decision on the factors provided in 18 U.S.C. § 3553(a), Alford's personal history and characteristics, and the seriousness and nature of the offense. The district court reiterated

Case 3:21-cr-00052-MCR   Document 74   Filed 05/22/23   Page 7 of 15
USCA11 Case: 22-13054   Document: 28-1   Date Filed: 05/22/2023   Page: 7 of 13

22-13054               Opinion of the Court                    7

that the sentence imposed would have been the same, even if it had not applied the 20-level offense enhancement, given Alford's criminal history. The district court dismissed the remaining counts and adjudicated Alford guilty of Count 3.

Alford timely appealed his sentence.

## II.     Discussion

Alford argues that the district court erred when it overruled his objection to the 20-level offense enhancement pursuant to U.S.S.G. § 2B1.1(b)(1). After review of the briefs and record below, we affirm Alford's sentence. Because the district court stated that Alford's sentence would have been the same regardless of whether the 20-level offense enhancement was applied, we review his sentence for substantive reasonableness under our precedent in *United States v. Keene*, 470 F.3d 1347, 1350 (11th Cir. 2006). And because we conclude that Alford's sentence was substantively reasonable, we affirm his sentence.

We ordinarily review the district court's interpretation and application of the guidelines *de novo*. *United States v. Tejas*, 868 F.3d 1242, 1244 (11th Cir. 2017). However, we will not decide a guidelines issue if it made no difference to the sentence imposed by the district court and the ultimate sentence imposed was reasonable. *Keene*, 470 F.3d at 1349–50. In other words, if the district court states that the sentence would not have changed with a different guidelines calculation, we assume that the district court committed an error, calculate the guidelines range without that error, and then analyze whether the imposed sentence would be

substantively reasonable under the revised guidelines range. *Id.* at 1349. If it is substantively reasonable, then we will not address the disputed guidelines issue because "it would make no sense to set aside [a] reasonable sentence and send the case back to the district court [if] it has already told us that it would impose exactly the same sentence, a sentence we would be compelled to affirm." *Id.* at 1350. As the party challenging the sentence, it is the defendant's burden to prove the unreasonableness of his sentence considering the record and 18 U.S.C. § 3553(a). *See id.*

We will vacate a sentence as substantively unreasonable "only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors" as evidenced by a sentence "that is outside the range of reasonable sentences dictated by the facts of the case." *United States v. Goldman*, 953 F.3d 1213, 1222 (11th Cir. 2020) (quotation omitted). A district court abuses its discretion and imposes a substantively unreasonable sentence only if it "(1) fails to . . . consider[] relevant factors that were due significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) commits a clear error of judgment in considering the proper factors." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015) (quotation omitted). "We do not presume that a sentence outside the guideline range is unreasonable and must give due deference to [a] district court's decision that the § 3553(a) factors, as a whole, justify the extent of [a] variance" above the guidelines range. *Goldman*, 953 F.3d at 1222. One indicator of reasonableness is whether the sentence falls "far below the

Case 3:21-cr-00052-MCR   Document 74   Filed 05/22/23   Page 9 of 15
USCA11 Case: 22-13054   Document: 28-1   Date Filed: 05/22/2023   Page: 9 of 13

22-13054               Opinion of the Court                    9

statutory maximum penalty." *United States v. Osorto*, 995 F.3d 801, 823 (11th Cir. 2021).

The district court, in imposing a sentence, must consider several statutory factors under § 3553(a). Specifically, it must impose a sentence that is "sufficient, but not greater than necessary" to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with any needed correctional treatment or training. 18 U.S.C. § 3553(a)(2). It must also consider the nature and circumstances of the offense, the defendant's history and characteristics, the kinds of sentences available, the applicable guidelines range, any pertinent policy statements, and the need to avoid sentencing disparities between similarly situated defendants. *Id.* § 3553(a)(1), (3)–(7).

The district court is not required to state on the record explicitly that it has considered each of the § 3553(a) factors nor must it discuss each of them at sentencing. *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013). "Rather, an acknowledgment by the district [court] that [it] has considered the § 3553(a) factors will suffice." *United States v. Turner*, 474 F.3d 1265, 1281 (11th Cir. 2007). Additionally, "[w]e have taken a holistic approach in evaluating the district court's explanation of the sentence imposed" such that "[o]ur review is not limited to the district court's closing remarks." *United States v. Ghertler*, 605 F.3d 1256, 1263 (11th Cir. 2010).

Case 3:21-cr-00052-MCR   Document 74   Filed 05/22/23   Page 10 of 15
USCA11 Case: 22-13054   Document: 28-1   Date Filed: 05/22/2023   Page: 10 of 13

10                    Opinion of the Court                    22-13054

Where the district court varies from the guidelines range in imposing a sentence, "the justification [for the variance must] be sufficiently compelling to support the degree of the variance." *United States v. Irey*, 612 F.3d 1160, 1196 (11th Cir. 2010) (*en banc*) (quotation omitted). The weight given to any specific § 3553(a) factor is "committed to the sound discretion of the district court." *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (quotation omitted). Moreover, the district court is free to consider any information relevant to a defendant's background, character, or conduct in imposing an upward variance. *United States v. Tome*, 611 F.3d 1371, 1379 (11th Cir. 2010).

Assuming, as we must under *Keene*, that the district court committed an error in calculating Alford's guidelines range, we start by calculating his guidelines range without the assumed error. 470 F.3d at 1349. Had the district court sustained Alford's objection to the 20-level enhancement, his base offense level would have been seven. Additionally, the offense level would have been adjusted further: (1) a three-level increase because the victim, D.G., was a former government officer and Alford's offense was motivated by the victim's status; (2) a two-level increase for obstruction of justice; and (3) a total three-level decrease under for Alford's timely acceptance of responsibility. Thus, his total offense level would have been nine. Based upon an offense level of nine and a criminal history score of 11 (in category V), Alford's

Case 3:21-cr-00052-MCR   Document 74   Filed 05/22/23   Page 11 of 15
USCA11 Case: 22-13054   Document: 28-1   Date Filed: 05/22/2023   Page: 11 of 13

22-13054               Opinion of the Court                     11

guidelines advisory range of imprisonment would have been 18 to 24 months' imprisonment.[3] U.S.S.G. Ch. 5, Pt. A.

Alford has not demonstrated that his sentence of 63 months' imprisonment is substantively unreasonable.[4] After review of the record below, we are not left with "a definite and firm conviction" that Alford's sentence is substantively unreasonable. *Goldman*, 953 F.3d at 1222. There is no indication that the district court (1) failed to consider relevant factors that were due significant weight; (2) gave significant weight to an improper or irrelevant

---

[3] The district court incorrectly used a base offense level of ten, rather than nine, when calculating Alford's guidelines range of imprisonment at the second sentencing hearing. For purposes of this appeal, however, the district court's misstatement is not material, as we are obligated to calculate the correct guidelines range, irrespective of any error committed by the district court.

[4] In fact, Alford does not put forth any argument whatsoever regarding the substantive reasonableness (or lack thereof) in his briefing, instead arguing that we should reach the merits of his "intended loss" objection. Alford argues that even though "the district court [stated that it] would not impose a different sentence on remand," we should "exercise [our] discretion to rule on" the merits of his objection because it "is a matter of pressing concern for the bench and bar." He, however, ignores *Keene*, which applies directly to cases such as this, where the district court expressly stated that it would have imposed the same sentence, irrespective of the guidelines calculation. 470 F.3d at 1349. *See, e.g.*, *United States v. Henry*, 1 F.4th 1315, 1326 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 814 (2022) (citing *Keene* and stating that, while "[t]he parties dispute[d] how" a certain section of the U.S.S.G. "should have been applied[,] . . . it [was] not necessary for this Court to decide th[at] issue or remand for new proceedings because even if there was a [g]uidelines error, it did not affect [the defendant's] sentence").

Case 3:21-cr-00052-MCR   Document 74   Filed 05/22/23   Page 12 of 15
USCA11 Case: 22-13054   Document: 28-1   Date Filed: 05/22/2023   Page: 12 of 13

12                    Opinion of the Court                    22-13054

factor; or (3) committed a clear error of judgment in considering the proper factors. *Rosales-Bruno*, 789 F.3d at 1256. Rather, the district court stated that it considered the statutory factors under § 3553(a) in determining Alford's sentence, particularly his extensive criminal history and the "reprehensible" nature of his fraudulent statements to D.G. Based upon those considerations, the district court stated that the record supported a term of imprisonment that exceeded two years, but also that the record did not support a term of imprisonment that reached the statutory maximum of twenty years, given various mitigating factors. The district court is entitled to give more weight to any one or number of the § 3553(a) factors. *Clay*, 483 F.3d at 743. The 63-month sentence falls within the range of permissible sentences. The record reflects that while no money changed hands and no additional individuals involved in the scheme were charged, Alford made admittedly false, fraudulent, and "reprehensible" statements to D.G. that implicated not only D.G.'s family but also the family of Mr. Levinson. And while the district court's sentence represents an upward variance from the revised guidelines range of 18 to 24 months' imprisonment to a term of imprisonment of 63 months, such a variance is significantly lower than the statutory maximum of 20 years' imprisonment and falls well within the permissible range of sentences on this record. *See Osorto*, 995 F.3d at 823. For these reasons, the sentence imposed by the district court was substantively reasonable. *See Keene*, 470 F.3d at 1350.

Case 3:21-cr-00052-MCR   Document 74   Filed 05/22/23   Page 13 of 15
USCA11 Case: 22-13054   Document: 28-1   Date Filed: 05/22/2023   Page: 13 of 13

22-13054                Opinion of the Court                13

### III.    Conclusion

Assuming under *Keene*, 470 F.3d at 1350, that the district court erred in applying the 20-level offense enhancement, any error was harmless because the district court still would have sentenced Alford to a substantively reasonable term of 63 months' imprisonment. We therefore affirm Alford's sentence.

**AFFIRMED.**

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

May 22, 2023

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 22-13054-HH
Case Style: USA v. Stephen Alford
District Court Docket No: 3:21-cr-00052-MCR-1

All counsel must file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Although not required, non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing are available on the Court's website.
Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Clerk's Office Phone Numbers
General Information: 404-335-6100     Attorney Admissions:     404-335-6122

| | | | |
|---|---|---|---|
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

OPIN-1 Ntc of Issuance of Opinion